UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 04-54-JBC

MAC MCCORMICK and
MCCORMICK LUMBER, LLC,                                            PLAINTIFFS,

V.                    **MEMORANDUM OPINION AND ORDER**

AUTO OWNERS INSURANCE COMPANY, INC. and
FRITTS-MILLION INSURANCE, INC.,                                   DEFENDANTS.

\* \* \* \* \* \* \* \* \* \*

This action is before the court upon the plaintiffs' motion to remand this case to the Montgomery County Circuit Court (DE 17). The plaintiffs assert that this court lacks subject matter jurisdiction over this action because the federal claims over which the court had original jurisdiction have been dismissed. The sole remaining defendant, Fritts-Million Insurance, Inc., argues that the court has independent federal question jurisdiction over the remaining claims and in the alternative that the court should exercise its discretion to retain jurisdiction over those claims. The court, having reviewed the record and being otherwise sufficiently advised, will grant the motion.

## BACKGROUND

The plaintiffs allege that Fritts-Million Insurance represented that a Standard Flood Insurance Policy (SFIP) that it sold and Auto Owners Insurance Co., a write-your-own (WYO) insurance provider, issued to the plaintiffs under the National Flood Insurance Act of 1968 (NFIA) would provide "coverage for the contents of all

buildings owned by the Plaintiffs and located at the insured address." After a flood damaged the premises in March 2002, the plaintiffs submitted a claim to Auto Owners, which refused to pay the claim.

The plaintiffs sued Auto Owners in state court for breach of the insurance contract, violations of state law, fraudulent misrepresentation, and breach of the fiduciary duty of good faith and fair dealing. The plaintiffs also included a complaint against Fritts-Million "[i]n the event it is found that the insurance policy . . . did not provide coverage to the Plaintiffs for all of the flood damages," claiming that Fritts-Million would in that case be liable for its negligence in failing to obtain the intended coverage and for its breach of an implied contract that it had in fact procured such coverage.

Auto Owners removed the case to federal court under 28 U.S.C. §1331. The court exercised supplemental jurisdiction over the state law claims against Fritts-Million pursuant to 28 U.S.C. § 1367. The plaintiffs having conceded that their claims against Auto Owners were not viable, the court dismissed those claims. The plaintiffs filed a motion to remand the remaining claims.

## LEGAL ANALYSIS

I. **Federal Question Jurisdiction**

Courts examine only the well-pleaded allegations of the complaint, ignoring potential defenses, in determining whether a claim is one arising under federal law under 28 U.S.C. § 1331. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

Any claim relating to the interpretation and enforcement of an insurance policy under the NFIA is within the exclusive jurisdiction of the federal courts. 42 U.S.C. § 4072; *see also Gibson v. Am. Bankers Ins. Co.*, 289 F.3d 943, 947 (6th Cir. 2002) (holding that "§ 4072 provides exclusive subject matter jurisdiction over suits against a WYO insurance company arising out of a disputed flood insurance claim"). Conversely, "[a]ctions complaining of misrepresentations made to induce the purchase of insurance" are not preempted by the NFIA. *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 129 F. Supp. 2d 1024, 1029 (S.D. Tex. 2001).

Fritts-Million contends that the plaintiffs' losses are the result of the plaintiffs' failure to properly and timely contest Auto Owners's denial of their claim as opposed to Fritts-Million's negligent or tortious conduct. Analysis of that position will require the court to interpret the SFIP, which is exclusively a matter of federal jurisdiction, and the NFIA therefore preempts the state court's jurisdiction.

However, the plaintiffs' claim that Fritts-Million breached an implied contract by inducing the plaintiffs to rely on representations that the policy would provide the desired coverage is based on an alleged contract to obtain insurance rather than on the SFIP itself. For the same reason, the fact that Title IX of the parties' insurance contract states that "this policy and all disputes arising from the handling of any claim under the policy" are governed exclusively by federal law does not strengthen Fritts-Million's position. Because the plaintiffs' breach of contract claim is outside the coverage of the SFIP, the NFIA does not preempt it.

The plaintiffs' allegation that Fritts-Million negligently failed to procure the

desired insurance coverage is similarly not preempted. Like an action for misrepresentation in procurement, a complaint of negligent assistance in the purchase of insurance is unrelated to the interpretation of the SFIP. *See Jamal*, 129 F. Supp. 2d at 1029. This conclusion is supported by the fact that the NFIA does not protect private insurers from liability for their own errors and omissions, which the plaintiffs allege here. 42 U.S.C. § 4081(c). It follows that insurance policy holders must resort to state law to remedy injuries caused by the negligent conduct of private insurance agents in obtaining coverage. *Bleeker v. Standard Fire & Ins. Co.*, 130 F. Supp. 2d 726, 734 (E.D.N.C. 2000).

II.     **Discretionary Supplemental Jurisdiction**

42 U.S.C. § 1367 permits a district court to deny supplemental jurisdiction where, among other things, the claims over which there exists original jurisdiction have been dismissed. In deciding whether to exercise supplemental jurisdiction, courts should consider whether the justifications for supplemental jurisdiction – judicial economy, fairness and convenience to the litigants, and the avoidance of multiplicity of suits – are present. *Id.; United States Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996). When federal claims are dismissed leaving only state law claims to determine, the court should generally dismiss the state law claims. *Hankins v. The Gap,* 84 F.3d 797, 802-3 (6th Cir. 1996).

These factors counsel in favor of remanding the claims against Fritts-Million to state court. The state law negligence and contract claims predominate over any potential reference to federal law, which is applicable only as a defense to Fritts-

Million's liability and is irrelevant to the plaintiffs' well-pleaded claims.

Although the completion of discovery and length of time for which a case has been on the court's docket are relevant considerations in a court's determination of whether to exercise supplemental jurisdiction following the dismissal of federal claims, they are not determinative. None of the plaintiffs' claims have been resolved in this court, the case has been on the court's docket for less than 18 months, and the judge has no special familiarity with the parties that would weigh in favor of jurisdiction. The pendency of Fritts-Million's motion for summary judgment is unpersuasive because the court has not yet devoted judicial resources to its disposition, and appropriately remanding the case to state court obviates the need to do so. *Compare Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 196 F.3d 617 (6th Cir. 1999) (retaining jurisdiction where the same judge had presided over the case for 15 years and the original claim over which there was federal jurisdiction had been determined on the merits in federal court).

Fritts-Million argues that a cross-claim against Auto Owners for which it has moved for leave to file warrants the exercise of federal jurisdiction because it anticipates that Auto Owners will "contend that it is also subject to the NFIA." Fritts-Million's proposed cross-claim is for indemnity, and it admits there is no provision in the NFIA for such relief. Furthermore, Fritts-Million bases its claim of entitlement to indemnification on state law rather than on the NFIA or other federal law. That Auto Owners may contend that Fritts-Million's claim for indemnity is subject to the NFIA and attempt to remove any such claim to federal court is

insufficient to justify the exercise of supplemental jurisdiction over the remaining state claims.

Finally, there is no special federal interest in the determination of the claims against Fritts-Million because any judgment for the plaintiffs would not be paid from the federal treasury. Although SFIP coverage by a WYO company is federally funded, 44 C.F.R. 62.23(c), the plaintiffs' claims against Fritts-Million are not based on the terms of the policy and have no implication for the government. Accordingly,

**IT IS ORDERED** that the plaintiffs' motion to remand (DE 17) is **GRANTED**. This matter is **REMANDED** to Montgomery Circuit Court.

Signed on June 6, 2005

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY